## Mitchell *v.* Northern Central Railroad Company, Appellant.

*Negligence—Railroads—Fires—Sparks — Locomotives — Proximate cause—Case for jury.*

Where in an action against a railroad company to recover for the destruction by fire of plaintiff's dwelling house, it appeared that the fire was communicated from a barn in close proximity to railroad tracks, that immediately before the barn caught fire, a locomotive had passed throwing out great quantities of sparks of a larger size than could have passed through a spark-arrester in proper condition, and that there was no other probable cause of the fire, the case was for the jury and a verdict and judgment for plaintiff was sustained.

Argued March 15, 1916. Appeal, No. 29, Jan. T., 1916, by defendant, from judgment of C. P. Bradford Co., May T., 1914, No. 179, on verdict for plaintiff in case of Charles W. Mitchell v. The Northern Central Railroad Company. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for the destruction of plaintiff's dwelling house and barn by fire occasioned by sparks from defendant's locomotive. Before MAXWELL, P. J.

On the trial it appeared that plaintiff's barn stood below the level of the railroad tracks and about 91 feet therefrom, with a large eight-foot door facing the track, wide open, thereby exposing the face of a bay of hay; that just before the fire was discovered in the hay a locomotive passed; that the locomotive was pulling hard up a heavy grade and emitting unusually large sparks, cinders, and blazing coals of fire varying in size from a pea

bean to three-fourths of an inch in diameter, and was throwing out pieces of coal in the plaintiff's field near the barn where men were working who described the condition as "Like a hail storm." A strong wind was blowing from the railroad track directly to the barn. It appeared that there was nothing that could have caused the fire except sparks from defendant's locomotive. Immediately after the barn took fire the house caught fire from it and both buildings were burning at the same time making one continuous conflagration. These facts were established by the testimony of eleven eye witnesses in addition to plaintiff.

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $8,625.00 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing to enter judgment for defendant non obstante veredicto.

*Benjamin Kuykendall,* with him *Guy H. Davies,* for appellant.

*Charles M. Culver,* with him *James Scarlet,* for appellee.

PER CURIAM, April 17, 1916:

There was ample evidence in the case to warrant the jury in finding under the charge of the court that the plaintiff's barn was set on fire by sparks emitted from the defendant's locomotive which was not equipped with a spark arrester or by reason of a defective and insufficient arrester, and that the negligent firing of the barn was the proximate cause of the destruction of the dwelling house. The appellant's assignments allege error by the court in not directing a verdict for the defendant, and also in not holding as a matter of law that if sparks were emitted negligently from defendant's locomotive and set

fire to the barn, which was communicated to the dwelling house, it was not the proximate cause of the destruction of the house. The learned judge submitted the case in an exhaustive charge to which error is not assigned, and in which he stated the contention of the parties, directed attention to the testimony of the witnesses produced by both sides, and told the jury that before the plaintiff could recover he must show that his buildings were set afire by the negligence of the defendant company which was the proximate cause of his loss. He said, inter alia: "If you find from the evidence that the fire in question which consumed the buildings and their contents was started and was caused by the failure of the defendant company to provide a proper spark arrester, such as is in common use, or, if one was furnished and it was out of commission and out of repair at the time, and by reason of the negligence of the defendant company to provide the same or keep it in repair the fire was communicated to the barn, then and in that case the defendant company would be responsible to the plaintiff for the actual loss so occasioned, of which its negligence was the proximate cause. As we said before, proximate cause means direct cause, the loss by the plaintiff must be the proximate cause of the negligence complained of and not the remote cause or result....... As to the damages to the dwelling, if you find the fire was started in the barn by the negligence of the defendant company, before you could hold the defendant liable for the burning of the dwelling you must find from the evidence that the communication of the fire from the barn to the dwelling was such a continuous succession of events so linked together that they became a natural whole. In other words, the true rule is that the injury must be the natural and probable consequence of the negligence, such a consequence as under the circumstances of the case might, and ought to have been foreseen by the wrongdoer as likely to flow from his act." The case was reviewed at length by the court on motions

for a new trial and for judgment non obstante veredicto, and the verdict was sustained. The defendant's request for binding instructions could not be granted, as the questions at issue were clearly for the jury, and having been submitted on competent evidence which justified the finding, the verdict will not be disturbed.

Judgment affirmed.